By the Court.
 

 The sole question for determination in this case is whether or not the distance between the residence of plaintiff in error and the school “to which they” (the children) “are assigned in the district where they reside” shall be taken by direct route or by the most direct route of public travel.
 

 Section 7735, General Code, does not specifically provide the method of measurement. However, we are of opinion that the rule announced in
 
 Board of Education
 
 v.
 
 Board of Education,
 
 58 Ohio St., 390, 50 N. E., 812, construing Section 4022a, Revised Statutes, being the original enactment of what is now Section 7735, General Code, should apply to measurements in this character of cases. In the
 
 per curiam
 
 in that case at page 394 of 58 Ohio State, 50 N. E., 812, 813, it is announced:
 

 “The legislation provides for the convenience of children in attending school, and the distance is to be taken as they travel along the most direct public highway from the schoolhouse to the nearest portion of the curtilage of their residence. ’ ’
 

 This rule was again recognized in
 
 Board of Edur
 
 
 *263
 

 cation of Concord Special School Dist.
 
 v.
 
 Board of Education of Blue Ash Special School Dist.,
 
 88 Ohio St., 549, 105 N. E., 767, affirming
 
 Board of Education of Concord Special School Dist.
 
 v.
 
 Board of Education of Blue Ash Special School Dist.,
 
 15 C. C. (N. S.), 521, 24 C. D., 213, which affirmed
 
 Board of Education of Blue Ash Special School Dist.
 
 v.
 
 Board of Education of Concord Special School Dist.,
 
 11 N. P. (N. S.), 286, 23 O. D., N. P., 698.
 

 It is suggested that
 
 Board of Education
 
 v.
 
 Board of Education,
 
 58 Ohio St., 390, 50 N. E., 812,
 
 supra,
 
 may he distinguished upon the theory that in that ease property of intervening landowners had to he crossed by the children in going from their residence to the schoolhouse, in reaching the same by direct route; whereas, in the case at bar, the plaintiff in error’s children can reach the schoolhouse without going upon the land of others. We think, however, this distinction is not material, and that uniformity of application requires us to adhere to the rule of
 
 Board of Education
 
 v.
 
 Board of Education,
 
 58 Ohio St., 390, 50 N. E., 812,
 
 supra.
 

 The judgments- of the courts below will therefore be reversed, and final judgment entered for plaintiff in error.
 

 Judgments reversed and final judgment for plaintiff in error.
 

 Marshall, O. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.